# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>MICHAEL TROY YEAGER,<br><br>                    Petitioner. | No. 48825-6-II<br><br><br><br>UNPUBLISHED OPINION |

SUTTON, J. — Michael Troy Yeager seeks relief from personal restraint following his guilty plea convictions of three counts of third degree child molestation and one count of felony voyeurism. Yeager contends that he is under unlawful restraint due to the sentencing court's error in imposing a community custody term that, when added to his base sentence, exceeds the statutory maximum sentence for his offenses. The State concedes error. We accept the State's concession, grant Yeager's petition, and remand to correct his sentence by striking the portion of the sentence imposing a 12-month community custody term.

## FACTS

Yeager pleaded guilty to three counts of third degree child molestation and one count of felony voyeurism. The sentencing court sentenced Yeager to 60 months of incarceration for each of his third degree child molestation convictions, the statutory maximum for the offenses, each to

run concurrently. The sentencing court also imposed a 12-month community custody term for each of the third degree child molestation convictions. With regard to the community custody term, Yeager's judgment and sentence states that "[t]he defendant shall be on community custody for 12 months or until . . . the period of early release," and "the combination of community custody and incarceration may not exceed 60 months, including the period of early release." Pet. App. A at 5. On April 4, 2016, Yeager filed a CrR 7.8 motion in the superior court for relief from judgment, asserting that his sentence was unlawful for exceeding the statutory maximum penalty for his offenses. The superior court subsequently transferred Yeager's motion to this court for consideration as a personal restraint petition.

ANALYSIS

Yeager asserts that the sentencing court erred by imposing a 12-month community custody term in addition to a 60-month term of incarceration because the combined total exceeds the statutory maximum sentence for a class C felony. The State concedes error and we accept its concession.

RCW 9A.20.021(1)(c) limits the maximum sentence that a sentencing court may impose for a class C felony to 60 months. Third degree child molestation is a class C felony. RCW 9A.44.089(2). Because the sentencing court imposed the statutory maximum 60-month term of incarceration for each of Yeager's third degree child molestation convictions, the portion of the sentence imposing a 12-month community custody term renders Yeager's judgment and sentence facially invalid. *State v. Bruch*, 182 Wn.2d 854, 866, 346 P.3d 724 (2015) (sentencing court must reduce period of community custody so as not to exceed statutory maximum sentence); *In re Pers. Restraint of Snively*, 180 Wn.2d 28, 30, 32, 320 P.3d 1107 (2014) (in an otherwise untimely

2

No. 48825-6-II

petition, the relief allowed for facial invalidity is correction of the sentence, not withdrawal of the plea). Accordingly, we grant Yeager's petition and remand for a correction of his sentence by striking the portion of the sentence imposing a 12-month community custody term.[1]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, P.J.

MELNICK, J.

---

[1] Under *Bruch*, the portion of Yeager's judgment and sentence imposing community custody for the period of his early release is not impermissibly indeterminate and, thus, should not be stricken from his judgment and sentence. 182 Wn.2d at 862-66.

3