# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48046-8-II |
| Respondent, | |
| v. | |
| WILLIAM RONDAL STEWART III, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, P.J. — William Rondal Stewart III pleaded guilty to indecent liberties without forcible compulsion. Stewart appeals his guilty plea conviction, arguing that (1) he is entitled to withdraw his plea because the State breached the plea agreement by failing to argue against a community custody condition proposed by the Department of Corrections. Stewart also appeals his sentence, asserting that the trial court erred (2) by imposing a community custody condition prohibiting his use or possession of sexually explicit material and (3) by imposing a community custody term that, when combined with his term of incarceration, exceeds the statutory maximum punishment for his offense. The State concedes that the trial court erred by imposing a community custody condition unrelated to Stewart's crime and by imposing a sentence in excess of the statutory maximum for the offense.

In his statement of additional grounds for review (SAG), Stewart (1) raises issues with his guilty plea that do not constitute bases upon which to invalidate the plea, (2) asserts that the State vindictively prosecuted him based on his criminal history and his status as a registered sex

offender, and (3) repeats his appellate counsel's arguments regarding the State's purported breach of the plea agreement and sentencing errors.

Because Stewart is not entitled to withdraw his plea we affirm his conviction, but we accept the State's concessions regarding errors in his sentence. Accordingly, we remand for a correction of Stewart's sentence consistent with this opinion.

FACTS

On April 17, 2014, the State charged Stewart with second degree rape. Stewart agreed to plead guilty to an amended charge of indecent liberties without forcible compulsion. The State's plea offer required Stewart to agree to certain supervision conditions. With regard to these conditions, the State's plea offer stated, "*This list is non-exclusive—the State is free to recommend other usual conditions.*" Clerk's Paper's (CP) at 19. Following a June 26, 2015 plea hearing, the trial court accepted Stewart's guilty plea.

At sentencing, Stewart objected to several community custody conditions recommended by the Department of Corrections in its presentence investigation report,[1] arguing that the conditions were not related to his crime of conviction. When asked to address the Department's recommendations, the prosecutor stated, "I don't have any comments. I'd defer to the Court's discretion. Obviously, the Court can impose crime-related prohibitions and the State will just confer [sic] to the Court's discretion on that." Report of Proceedings (RP) at 31.

---

[1] Under former RCW 9.94A.500(1) (2008), "[T]he court shall, at the time of plea or conviction, order the department to complete a presentence report before imposing a sentence upon a defendant who has been convicted of a felony sexual offense" and "shall consider the . . . presentence reports . . . as to the sentence to be imposed." Indecent liberties is a felony sex offense. Former RCW 9A.44.100(2)(a) (2007); former RCW 9.94A.030(46)(a)(i) (2012).

The trial court sentenced Stewart to 116 months of incarceration and imposed a community custody term "for the longer of" Stewart's period of early release or 36 months. CP at 48. Regarding the Department's recommended sentencing conditions that were opposed by Stewart, the trial court imposed only the condition requiring Stewart not to use or possess sexually explicit material. Stewart appeals from his guilty plea conviction and resulting sentence.

## ANALYSIS

### I. PLEA AGREEMENT

Stewart first contends that he is entitled to withdraw his guilty plea because the State breached the plea agreement. Specifically, he contends that the State breached the plea agreement by declining to comment about community custody conditions recommended by the Department. We disagree.

We review issues concerning the interpretation of a plea agreement de novo. *State v. Bisson*, 156 Wn.2d 507, 517, 130 P.3d 820 (2006). A plea agreement is a contract between the defendant and the State, which does not bind a trial court. *State v. Sledge*, 133 Wn.2d 828, 839 n. 6, 947 P.2d 1199 (1997). Due process requires a prosecutor to adhere to the terms of the plea agreement and to recommend the agreed upon sentence. *Sledge*, 133 Wn.2d at 839-40. *State v. Carreno-Maldonado*, 135 Wn. App. 77, 83, 143 P.3d 343 (2006).

Although the prosecutor need not enthusiastically make the sentencing recommendation, the prosecutor must "'act in good faith, participate in the sentencing proceedings, answer the court's questions candidly in accordance with [the duty of candor towards the tribunal] and, consistent with RCW 9.94A.460, not hold back relevant information regarding the plea

3

agreement.'" *Carreno-Maldonado*, 135 Wn. App. at 83 (alteration in original) (quoting *State v. Talley*, 134 Wn.2d 176, 183, 949 P.2d 358 (1998)). In determining whether a prosecutor has breached a plea agreement's terms, we review the sentencing record as a whole using an objective standard. *Carreno-Maldonado*, 135 Wn. App. at 83.

Stewart's claim that the prosecutor breached the plea agreement fails for two reasons. First, the challenged recommendations were not made by the prosecutor but, rather, by the Department in its presentence investigation report. The Department "is not a party to the plea agreement entered into by the prosecutor's office and is not bound by it." *State v. Harris*, 102 Wn. App. 275, 287, 6 P.3d 1218 (2000), *aff'd sub nom. State v. Sanchez¸* 146 Wn.2d 339, 46 P.3d 774 (2002) (plurality opinion). The prosecutor did not endorse the Department's recommendations, and no language within the plea agreement required the prosecutor to argue against sentencing recommendations made by a third party.

Second, even if the prosecutor had made or endorsed the challenged recommendations, the plea agreement provided that the State was free to "recommend other usual conditions" not listed in the plea agreement. CP at 19 (italics omitted). Stewart has thus failed to show that he is entitled to withdraw his guilty plea based on a breach of the plea agreement by the prosecutor.

## II. SENTENCING

Next, Stewart argues that the trial court erred (1) by imposing a community custody condition prohibiting his use or possession of sexually explicit material and (2) by imposing a community custody term that, when combined with his term of incarceration, exceeds the statutory maximum punishment for his offense. The State concedes error on both points. We accept the State's concessions and remand for a correction of Stewart's sentence with directions

to (1) strike the condition prohibiting his use or possession of sexually explicit material and (2) reduce his community custody term to four months.

A.     *Community Custody Condition*

A trial court may only impose a sentence that is authorized by statute.  *State v. Miller*, 159 Wn. App. 911, 930-31, 247 P.3d 457 (2011).  Former RCW 9.94A.703(3)(f) (2009) provided the trial court with discretionary authority to require that Stewart "[c]omply with any crime-related prohibitions."  Under former RCW 9.94A.030(10) (2012), a "[c]rime-related prohibition" is one that involves "conduct that directly relates to the circumstances of the crime for which the offender has been convicted."  Although we generally review the imposition of crime-related prohibitions for an abuse of discretion, we review de novo whether the trial court had statutory authority to impose such conditions.  *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007).

Here, as the State appropriately concedes, there was no evidence before the trial court that Stewart's use or possession of sexually explicit material related to his crime of indecent liberties.  Accordingly, the trial court exceeded its statutory sentencing authority by imposing the condition, and we remand for a correction of Stewart's sentence to strike this condition.

B.     *Community Custody Term*

Indecent liberties without forcible compulsion is a class B felony.  Former RCW 9A.44.100(2)(a) (2007).  Former RCW 9A.20.021(1)(b) (2011) limited the maximum sentence that the trial court could impose for a class B felony to 120 months.  RCW 9.94A.701(9) requires a trial court to reduce a community custody term "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory

maximum for the crime." *See also State v. Bruch*, 182 Wn.2d 854, 866, 346 P.3d 724 (2015) (trial court must reduce period of community custody so as not to exceed statutory maximum sentence).

Here, the trial court imposed a 116 month incarceration term and a 36 month community custody term. The State concedes that the trial court erred by failing to reduce Stewart's community custody term to 4 months after imposing a 116 month incarceration term. We accept the State's concession and remand for a correction of Stewart's sentence to reduce his community custody term to 4 months.

### III. SAG

Stewart first contends in his SAG that he was "shocked" at his plea hearing when he was told that his guilty plea would be entered pursuant to *In re Pers. Restraint of Barr*, 102 Wn.2d 265, 684 P.2d 712 (1984). SAG at 1. In *In re Barr,* our Supreme Court held that "[a] plea does not become invalid because an accused chooses to plead to a related lesser charge that was not committed in order to avoid certain conviction for a greater offense." 102 Wn.2d at 269-70. Such a plea is proper if "the accused understands the nature and consequences of the plea bargain and has determined the course of action that he believes is in his best interest." *In re Barr*, 102 Wn.2d at 270. To ensure that the accused has a sufficient understanding of the consequences of pleading guilty:

> The trial court must find a factual basis to support the original charge, and determine that defendant understands the relationship of his conduct to that charge. Defendant must be aware that the evidence available to the State on the original offense is sufficient to convince a jury of his guilt.

*In re Barr*, 102 Wn.2d at 270.

Stewart does not claim that he did not understand the nature and consequences of pleading guilty to indecent liberties in exchange for the State dropping its second degree rape charge. And Stewart admits that his defense counsel explained the nature of an *In re Barr* plea to him before he pleaded guilty. Additionally, Stewart does not assert that his plea was involuntary or otherwise invalid on the basis that it was entered pursuant to *In re Barr.* Accordingly, Stewart fails to show that he is entitled to withdraw his guilty plea on this ground.

Next, Stewart appears to argue that he involuntarily pleaded guilty to indecent liberties without forcible compulsion. In support of this argument, Stewart directs us to statements made by the prosecutor and his defense counsel during sentencing regarding the circumstances of the plea bargain. Specifically, Stewart directs us to the prosecutor's statements regarding the State's potential issues with proving second degree rape at trial as well as defense counsel's statements regarding issues the defense would face defending the charge at trial. Nothing within these statements shows that Stewart's guilty plea was made involuntarily. Stewart does not claim that he was unaware of the issues likely to arise during the trial for both the State and defense alike. And he does not claim that he was unaware of the nature of the charges against him, that he did not understand the consequences of pleading guilty, or that he was coerced into accepting the State's plea deal. Accordingly, he fails to demonstrate that he involuntarily pleaded guilty to indecent liberties.

Next, Stewart contends that the State vindictively prosecuted him based on his criminal history and the fact that he is a registered sex offender. There is no support in the record that the prosecutor made a charging decision based on Stewart's criminal history or his status as a registered sex offender. Moreover, prosecutors are vested with great discretion in filing criminal

No. 48046-8-II

charges. *State v. Korum*, 157 Wn.2d 614, 625, 141 P.3d 13 (2006) (plurality opinion). And "'a prosecutorial action is 'vindictive' only if *designed* to penalize a defendant for invoking legally protected rights.'" *Korum*, 157 Wn.2d at 627 (quoting *United States v. Meyer*, 810 F.2d 1242, 1245 (D.C. Cir. 1987)). Accordingly, even if the record supported Stewart's bald assertion that his criminal history and sex offender status played a role in the prosecutor's charging decision, he cannot demonstrate prosecutorial vindictiveness on that basis.

Finally, Stewart repeats his appellate counsel's arguments regarding the prosecutor's purported breach of the plea agreement and with errors in his sentence. As we have already addressed these issues as argued by counsel, we do not readdress them here. We affirm Stewart's conviction and remand for a correction of his sentence consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, P.J.

We concur:

_____
Lee, J.

_____
Sutton, J.

8