IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39323-2-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK KEVIN SERBAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Mark Serban appeals the sentence imposed following his conviction

for third degree rape of a child. We agree that the total sentence of 70 months exceeds

the statutory maximum sentence for a class C felony. We remand for resentencing where

Serban can address the legal financial obligations.

BACKGROUND

Mark Serban entered an Alford plea for third degree rape of a child, a class C

felony. At sentencing, the court imposed 34 months' incarceration and 36 months'

community custody for a total sentence of 70 months. The State agreed with defense

counsel that Serban was indigent, and the court waived discretionary fees. The court

No. 39323-2-III
*State v. Serban*

imposed a $500 victim penalty assessment, a $100 DNA collection fee, and community

supervision fees as determined by the Department of Corrections.

Serban appeals.

ANALYSIS

Serban contends, and the State agrees, that the court exceeded the 60-month

statutory maximum for a class C felony when a total sentence of 70 months was ordered.

Serban asks this court to remand for the trial court to either amend the term of community

custody or resentence him to no more than 60 total months. The State prefers a different

remedy and asks this court to remand to the trial court with instructions to add a note to

the judgment and sentence that reads: "The defendant shall serve 24 months[1] on

community custody plus any earned early release time." Br. of Resp't at 3. We decline

the State's suggestion and remand for resentencing.

Third degree rape of a child is a class C felony, punishable by a term of

confinement that must not exceed five years. RCW 9A.20.021, .079. Here, Serban was

sentenced for a class C felony with a maximum term of five years. Serban's standard

range of confinement was 26 to 34 months and the court sentenced him to 34 months'

_____

[1] In its brief, the State requests a community custody period of "26 months" as well as "24 months." The State does not contest that the total sentence should not exceed 60 months. Neither party contends that 34 months of incarceration was improper. Therefore, assuming the State seeks the maximum total sentence of 60 months, this opinion assumes that the State intended to request 26 months and the contradicting instances of "24 months" was an oversight.

2

confinement and 36 months' community custody for a total of 70 months. Under these circumstances, the court was required to reduce the term of community custody so that the total sentence did not exceed the maximum punishment allowed by statute. RCW 9.94A.701(10).

The State argues that this court should remand the issue to the trial court, but not to amend the judgment and sentence or for resentencing. Instead, the State requests remand with instructions for the trial court to note, "The defendant shall serve 24 months on community custody plus any earned early release time." Br. of Resp't at 3. The State asserts that this language was approved in *State v. Bruch*, 182 Wn.2d 854, 346 P.3d 724 (2015), where the court also stated that the language was not strictly necessary given the mandatory nature of RCW 9.94A.729(5)(a).

We disagree. In *Bruch*, the court approved of this language after the "trial court properly reduced the . . . term of community custody . . . so that the total sentence did not exceed the applicable statutory maximum." *Id*. at 857. Regardless, it is not clear, in this case, that such a notation would accord with the trial court's desired sentence.

Serban also challenges the legal financial obligations imposed at sentencing. Because these issues may be raised at resentencing, we decline to address them here.

No. 39323-2-III
*State v. Serban*


Remand for resentencing.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Cooney, J.

4