# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| IKEIM CHACHAR CLAUDE VASTER, ALBERT JAMES REEVES, and TRISTAN DUANE BEEMAN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | No. 76172-2-I |
| Appellant, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| WASHINGTON STATE DEPARTMENT OF CORRECTIONS, an agency of the State of Washington; DICK MORGAN, DAN PACHOLKE, and BERNIE WARNER, in their official capacities as secretaries of the Washington State Department of Corrections, | ) ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondent. | ) ) ) | FILED: November 20, 2017 |

APPELWICK, J. —The plaintiffs filed suit against the DOC, challenging the DOC's decision to return them to total confinement as a sanction following a community custody violation hearing. We affirm the trial court's dismissal of plaintiffs' suit for failure to state a claim upon which relief can be granted.

## FACTS

Ikeim Vaster, James Reeves, and Tristan Beeman (collectively plaintiffs) were each convicted of criminal offenses in Washington and sentenced to a term

76172-2-I/2

of confinement. Each plaintiff was transferred to community custody prior to the maximum expiration of their sentences, in lieu of earned early release credits.

Upon their release, a Department of Corrections (DOC) community corrections officer presented the plaintiffs with a standardized "Offender Notification of Department Violation Process" form. The form notified plaintiffs they had met the criteria for "swift and certain" sanctioning and specified the process and sanctions that DOC would implement in the event that the plaintiffs violated the conditions of community custody:

> 1. Your first low level violation process will be addressed with a Stipulated Agreement, unless a standard in-custody hearing process is required due to aggravating circumstances.

> 2. Subsequent low level violation processes up to 5, may be addressed through a short term confinement sanction of 1-3 days in custody, unless a standard in-custody hearing process is required due to aggravating circumstances. After 5 low level violation processes, all processes will be addressed through a standard in-custody hearings process.

> 3. Any high level violations will be addressed through a standard in-custody hearings process.

> 4. An in-custody hearing process will be a hearing with a Department Hearing Officer. If you are found guilty, you will receive a sanction of up to 30 days of confinement.[1]

Each of the plaintiffs violated the terms of his community custody, and each was found guilty of the violation at a full evidentiary hearing presided over by a DOC hearing officer. In each plaintiff's case, the hearing officer revoked their early

---

[1] This portion of the document is quoted in the complaint, but the complete document is not part of the record before us.

release and ordered them returned to total confinement to serve the remainder of his prison term.

The plaintiffs filed suit against the DOC and three DOC officials, asserting due process claims under the United States Constitution and 42 U.S.C. § 1983 as well as a claim of false imprisonment. The DOC filed a CR 12(b)(6) motion to dismiss. The trial court granted the motion and dismissed the plaintiffs' claims with prejudice, finding that "[n]othing in RCW 9.94A.737's 'swift and certain' process eliminates DOC's authority to revoke community custody and to return to prison under RCW 9.94A.633" and that "[t]he DOC notice of the 'swift and certain' program does not foreclose DOC's authority to revoke community custody under RCW 9.94A.633(2)." The plaintiffs appeal.[2]

## DISCUSSION

A dismissal under CR 12(b)(6) may be granted when the plaintiff cannot prove "any set of facts which would justify recovery." Kinney v. Cook, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). The court accepts as true the allegations in the plaintiff's complaint and any reasonable inferences therefrom. Reid v. Pierce County, 136 Wn.2d 195, 201, 961 P.2d 333 (1998). Whether dismissal was

---

[2] Though immaterial to our resolution of this appeal, we agree with the State that Vaster's due process claim is barred by collateral estoppel because Vaster litigated this identical issue in a personal restraint petition that was dismissed on the merits by Division Three of this court. See In re Pers. Restraint of Vaster, No. 32068-5-III. We also agree with the State that Vaster's false imprisonment claim is barred by the statute of limitations. See RCW 4.16.100(1) (statutory limitation period applicable to false imprisonment claims is two years).

appropriate under CR 12(b)(6) is a question of law that this court reviews de novo. San Juan County v. No New Gas Tax, 160 Wn.2d 141, 164, 157 P.3d 831 (2007).

We also review questions of statutory interpretation de novo. City of Spokane v. Spokane County, 1158 Wn.2d 661, 672-73, 146 P.3d 896 (2006). In order to give effect to the legislature's intent, we consider a statute as a whole and examine related statutes to help identify the legislative intent embodied in the statutory provision in question. In re Pers. Restraint of Cruz, 157 Wn.2d 83, 87-88, 134 P.3d 1166 (2006). We may not interpret a statute in a way that renders another portion of the statute meaningless or superfluous. Whatcom County v. City of Bellingham, 128 Wn.2d 537, 546, 909 P.2d 1303 (1996).

## I. RCW 9.94A.633 and RCW 9.94A.737

The DOC has the discretion to reduce an offender's term of confinement by granting early release for good behavior. State v. Bruch, 182 Wn.2d 854, 868, 346 P.3d 724 (2015). Confinement is reduced by converting an offender's early release time into community custody. RCW 9.94A.729(5). "Any community custody [a defendant] earns in lieu of early release is the result of RCW 9.94A.729(5), which provides the DOC authority to transfer a portion of confinement time into community custody in lieu of early release. It is not the result of the trial court's community custody term imposed under RCW 9.94A.701." Bruch, 182 Wn. 2d at 863.

In 2012, the legislature amended RCW 9.94A.737 to require the DOC to develop "a structured violation process that includes presumptive sanctions,

aggravating and mitigating factors, and definitions for low level violations and high level violations." RCW 9.94A737(2)(a). For low level violations, the DOC may sanction an offender as follows:

> (a) For a first low level violation, the department may sanction the offender to one or more nonconfinement sanctions.
>
> (b) For a second or subsequent low level violation, the department may sanction the offender to not more than three days in total confinement.

RCW 9.94A.737(3). After an offender has committed and been sanctioned for five low level violations, all subsequent violations committed by that offender are treated as high level violations. RCW 9.94A.737(2)(b). For a high level violation, the DOC may sanction the offender to not more than 30 days in total confinement per hearing. RCW 9.94A.737(4). The DOC is required to notify all offenders in writing of this process, called "swift and certain" by the DOC. RCW 9.94A.704(8); RCW 9.94A.737(1).

Consistent with RCW 9.94A.737, RCW 9.94A.633(1)(a) provides that "[a]n offender who violates any condition or requirement of a sentence may be sanctioned . . . by the department with up to thirty days' confinement." However, RCW 9.94A.633(2) gives the DOC authority to impose alternative sanctions for offenders on specific types of community custody. Pertinent here is RCW 9.94A.633(2)(a), which provides that "[i]f the offender was transferred to community custody in lieu of earned early release in accordance with RCW

76172-2-I/6

9.94A.728, <u>the offender may be transferred to a more restrictive confinement status to serve up to the remaining portion of the sentence.</u>"[3] (Emphasis added.)

The plaintiffs argue the sanction of return to confinement for the remainder of their sentence is unlawful because the maximum sanction permitted by RCW 9.94A.737 is 30 days in confinement. But, when the legislature adopted the "swift and certain" violation process in RCW 9.94A.737, it specifically retained the DOC's authority to terminate an offender's early release and return him or her to confinement pursuant to RCW 9.94A.633(2)(a). <u>See, e.g.</u>, <u>In re Pers. Restraint of Price</u>, 157 Wn. App. 889, 909, 240 P.3d 188 (2010) (the legislature's mandate that the DOC "develop hearing procedures and a structure of graduated sanctions" for community custody violations does not impede DOC's power to revoke community custody entirely and return an offender to confinement). In other words, for offenders who have completed their term of total confinement and are serving a term of community custody imposed by the court, the DOC does not have the authority to order their return to total confinement, because that term is complete. However, the DOC does maintain this authority for offenders such as the petitioners, who are serving a portion of their term of confinement on community custody. This authority remains separate and distinct from RCW 9.94.737.[4] A

---

[3] RCW 9.94A.633(2)(a) was previously codified as RCW 9.94A.737(2), which permitted the DOC to return an offender transferred to community custody in lieu of early release in the event that offender committed more than three violations. In 2008 the "third violation" rule was eliminated and the statute was recodified as RCW 9.94A.633(2)(a).

[4] The Sentencing Reform Act of 1981, chapter 9.94A RCW,) has granted the DOC this authority since at least since 1988. <u>See</u> former RCW 9.94A.205 (1988)

contrary interpretation would render RCW 9.94A.633(2)(a) meaningless and would defy common sense.

Plaintiffs argue that RCW 9.94A.633(2)(a) does not grant the DOC unrestricted authority to return an offender to total confinement, because the statute specifies only that offenders may be transferred to "a more restrictive confinement" status. Plaintiffs contrast this statute with RCW 9.94A.633(2)(d) and (e), which mandate a return to total confinement for offenders sentenced to a work ethic camp or to a special sex offender sentencing alternative.[5]

No statute defines "more restrictive confinement."[6] When a statutory term is undefined, the words of a statute are given their ordinary meaning. State v. Gonzalez, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). "More restrictive confinement" clearly means a form of confinement that is more restrictive than community custody. RCW 9.94A.633(2)(a). "Total confinement" is clearly more restrictive than community custody and nothing indicates that it is excluded from

("If an inmate violates any condition or requirement of community custody, the department may transfer the inmate to a more restrictive confinement status to serve the remaining portion of the sentence, less credit for any period actually spent in community custody or in detention awaiting disposition of an alleged violation.")

[5] RCW 9.94A.633(2)(d) provides, "If the offender was sentenced under the special sex offender sentencing alternative set out in RCW 9.94A.670, the suspended sentence may be revoked and the offender committed to serve the original sentence of confinement. RCW 9.94A.633(2)(e) provides, "If the offender was sentenced to a work ethic camp pursuant to RCW 9.94A.690, the offender may be reclassified to serve the unexpired term of his or her sentence in total confinement."

[6] In contrast, RCW 9.94A.030(52) defines "total confinement" as "confinement inside the physical boundaries of a facility or institution operated or utilized under contract by the state or any other unit of government for twenty-four hours a day."

the definition of "more restrictive confinement." Id. RCW 9.94A.633(2)(a) gives the DOC authority to return an offender to total confinement following a community custody violation.

## II. Due Process

In the alternative, the plaintiffs argue, the DOC's failure to inform them that they could be sanctioned with return to confinement violated both procedural and substantive due process.

The federal constitution protects individuals against the deprivation of liberty or property without due process of law. U.S. CONST. amend. XIV.[7] The due process clause confers both procedural and substantive protections. State v. Beaver, 184 Wn.2d 321, 332, 358 P.3d 385 (2015). The procedural component of the due process clause requires that government action be implemented in a fundamentally fair manner. Id. at 332. The substantive component of the due process clause bars arbitrary government conduct, notwithstanding the fairness of the implementing procedures. Id.

To state a procedural due process claim, a plaintiff must allege (1) a liberty or property interest protected by the constitution, (2) a deprivation of the interest by the government, and (3) a lack of process. Greenhalgh v. Dep't of Corr., 180

---

[7] The plaintiffs do not allege a violation of the due process clause of the Washington constitution. Regardless, Washington's constitutional provision is similar and does not provide broader protections than its federal counterpart. WASH. CONST. art. I, § 3; In re Pers. Restraint of Matteson, 142 Wn.2d 298, 310, 12 P.3d 585 (2000).

Wn. App. 876, 890-91, 324 P.3d 771 (2014). The minimum process to which an offender is entitled at a community custody revocation hearing includes

> "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."

In re Pers. Restraint of McNeal, 99 Wn. App. 617, 628-29, 994 P.2d 890 (2000) (quoting Morrissey v. Brewer, 408 U.S. 471, 489, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)); see also Grisby v. Herzog, 190 Wn. App. 786, 800, 362 P.3d 763 (2015) ("Morrissey applies when an offender in community custody faces allegations by the Department that may result in his being returned to total confinement.")

To show a denial of substantive due process, a plaintiff must show conduct that is so arbitrary and unreasonable it is "shocking to the conscience." State v. Hoisington, 123 Wn. App. 138, 146, 94 P.3d 318 (2004). "[O]nly the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" County of Sacramento v. Lewis, 523 U.S. 833, 846, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998). Something more than negligence is required. Braam v. State, 150 Wn. 2d 689, 700, 81 P.3d 851 (2003). When money damages are sought as a remedy, the conduct that violates substantive due process must be invidious or irrational. Sintra, Inc. v. City of Seattle, 119 Wn.2d 1, 23, 829 P.2d 765 (1992).

Here, plaintiffs fail to demonstrate a procedural due process violation. Plaintiffs do not dispute they received notice of the community custody violations, had a full evidentiary hearing, and received a decision by a neutral hearing officer. Plaintiffs contend only that they were unaware that the DOC could return them to total confinement as a sanction. But, RCW 9.94A.633(2) provides for such a sanction and plaintiffs are presumed to know the law. State v. Spence, 81 Wn.2d 788, 792, 506 P.2d 293 (1973), rev'd on other grounds by Spence v. Washington, 418 U. S. 405, 94 S. Ct. 2727, 41 L. Ed. 2d 842 (1974). Moreover, the DOC is statutorily obligated to provide written notification to plaintiffs of the "swift and certain" violation process. See RCW 9.94A.704(8), .737(1). But, there is no corresponding requirement that DOC notify offenders on community custody in lieu of early release that they are subject to RCW 9.94A.633.

Nor do plaintiffs establish that the DOC's actions were so arbitrary and capricious as to shock the conscience. At most, the DOC's method of notifying offenders is misleading because it implies that only sanctions under RCW 9.94A.737 are available. It would undisputedly be better practice for the DOC to notify offenders on community custody in lieu of early release that they are subject to additional sanctions under RCW 9.94A.633.[8] However, we cannot say that the

---

[8] According to Division Three of this court, which adjudicated Vaster's prior personal restraint petition, Vaster signed a document entitled "Conditions, Requirements and Instructions" in which he acknowledged that he could be subject to revocation of community custody under the provisions of chapter 9.94A RCW. This document is not part of the record before us and it is unclear whether Reeves and Beeman were also presented with such a document.

76172-2-I/11

DOC's conduct amounts to a substantive due process violation. The trial court did not err when it granted the DOC's CR 12(b)(6) motion to dismiss the petitioners' due process claim.

Though the petitioners do not specifically address their § 1983 claim, because they have failed to establish a violation of a federally protected constitutional right, their § 1983 claim fails as a matter of law. See Van Blaricom v. Kronenberg, 112 Wn. App. 501, 508, 50 P.3d 266 (2002). And, because plaintiffs acknowledge that their false imprisonment claim derives from their due process claim it necessarily fails as well.

We affirm the trial court's decision granting DOC's CR 12(b)(6) motion to dismiss.

WE CONCUR:

-11-