# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53495-9-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| MATTHEW BENJAMIN LABOUNTY, aka NICHOLAS RYAN GEORGE, | |
| Appellant. | |

MAXA, J. – Matthew LaBounty appeals his sentence after his guilty plea for unlawful possession of methamphetamine with intent to deliver, unlawful possession of heroin with intent to deliver, and first degree unlawful possession of a firearm. LaBounty was sentenced on the same day in a separate case for a conviction of unlawful possession of a controlled substance, and that conviction was treated as a current offense.

LaBounty initially raised several issues regarding his sentence. One of his claims was that the prosecutor improperly failed to recommend the sentence agreed in his plea agreement. The prosecutor took the position at sentencing that the State was not bound by the plea agreement because LaBounty engaged in unlawful behavior that resulted in the unlawful possession conviction. In a supplemental brief, LaBounty asserted that this case must be remanded for resentencing following the Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

Based on *Blake*, this court has now reversed LaBounty's conviction for unlawful possession of a controlled substance and has remanded for the trial court to vacate that conviction. Therefore, we remand for the trial court to remove the unlawful possession of a controlled substance conviction from his offender score and for resentencing. Because the issue may arise again on remand, we address and provide guidance regarding LaBounty's claim that the trial court erred in imposing any earned release time as LaBounty's term of community custody.

FACTS

The State charged LaBounty with unlawful possession of methamphetamine with intent to deliver while armed with a firearm, unlawful possession of heroin with intent to deliver while armed with a firearm, and first degree unlawful possession of a firearm. LaBounty agreed to plead guilty to these three charges.

The plea agreement noted that the high end of LaBounty's standard range sentence was 120 months on both the possession with intent to deliver charges and 102 months on the possession of a firearm charge. As part of the plea agreement, the State agreed to recommend 108 months on each of the drug charges and 102 months on the firearm charge. However, the plea agreement stated that if LaBounty committed a new offense before sentencing, the prosecutor could recommend a more severe sentence. The trial court accepted the parties' plea agreement and the matter proceeded to sentencing.

At the sentencing hearing a month later, the prosecutor informed the court that the State had filed an additional charge against LaBounty for possession of a controlled substance, which had occurred while he was incarcerated and awaiting sentencing. LaBounty decided to plead guilty to that charge at the sentencing hearing. Because of the new offense, the prosecutor

recommended a sentence of 120 months instead of the agreed 108 months for the possession

with intent to deliver convictions and 102 months for the possession of a firearm conviction to be

run concurrently, for a total confinement period of 120 months.

The trial court imposed sentences on the present case and the three other cases at the

same time. The court stated that all the sentences would run concurrently. For the present case,

the trial court sentenced LaBounty to 120 months total confinement, the statutory maximum.

The judgment and sentence noted that the convictions in the other three cases counted as current

offenses for purposes of calculating the offender score.

Regarding community custody, the judgment and sentence stated that LaBounty "shall be

on community custody for: any earned release time." Clerk's Papers (CP) at 83. The judgment

and sentence also stated that the "combined term of confinement and community custody . . .

cannot exceed the statutory maximum." CP at 83.

After this appeal was filed, this court in a separate case reversed LaBounty's conviction

for possession of a controlled substance and remanded for the trial court to vacate that

conviction. *State v. LaBounty*, No. 53551-3-II, slip op. at 2 (Wash. Ct. App. May 4, 2021)

(unpublished), https://www.courts.wa.gov/opinions/pdf/535513_unp.pdf. (*LaBounty* I).

LaBounty appeals his sentence.

ANALYSIS

A.     IMPACT OF UNLAWFUL POSSESSION CONVICTION ON SENTENCING

LaBounty argues that he is entitled to be resentenced because his offender score included

a now reversed conviction for unlawful possession of a controlled substance. We agree.

In *Blake*, the Supreme Court held that Washington's strict liability drug possession

statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void.

197 Wn.2d at 195. A conviction based on an unconstitutional statute must be vacated. *See State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005) (vacating a conviction that was based on a statute that the Supreme Court held was unconstitutional). As noted above, this court has reversed LaBounty's conviction for possession of a controlled substance in a separate case. *LaBounty* I, slip op. at 2.

The prosecutor requested a sentence of 120 months on the possession with intent to deliver convictions instead of the agreed recommendation of 108 months because of the now reversed unlawful possession conviction. The State argues that it still would have been permitted to disregard the recommendation agreed in the plea agreement even without the now reversed unlawful possession of a controlled substance conviction because LaBounty's conduct violated other statutes that have not been declared unconstitutional and his conditions of release. But LaBounty was not charged under any other statutes and his conditions of release were not raised at sentencing. Therefore, we cannot presume that the prosecutor would have recommended a sentence of 120 months instead of the agreed 108 months in the absence of the unlawful possession of a controlled substance conviction. Therefore, we remand for resentencing.

In addition, a conviction based on an unconstitutional statute cannot be considered in calculating the offender score. *See State v. Ammons*, 105 Wn.2d 175, 187, 713 P.2d 719 (1986). Accordingly, LaBounty's offender score must be adjusted to reflect the now reversed conviction of unlawful possession of a controlled substance that the trial court will vacate on remand in the other case.

We remand for resentencing and for the trial court to adjust LaBounty's offender score.

B.    VALIDITY OF COMMUNITY CUSTODY TERM

LaBounty argues that the trial court erred in sentencing LaBounty to community custody for any earned release time. We address this issue because it may arise at resentencing.

1.    Legal Principles

Both unlawful possession of methamphetamine with intent to deliver and unlawful possession of heroin with intent to deliver are class B felonies, with statutory maximums of 10 years (120 months) confinement. RCW 69.50.401(1) and (2)(b).[1] Under RCW 9.94A.701, the trial court also must impose a fixed term of community custody, with the length of that term depending on the offense committed. RCW 9.94A.701(3)(c) states that the trial court is required to sentence a person convicted of a felony under chapter 69.50 RCW to one year of community custody.[2]

However, a trial court it is not allowed to impose a total term of confinement and community custody exceeding the statutory maximum. RCW 9.94A.505(5)[3]; *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). Therefore, RCW 9.94A.701(9) requires a trial court to reduce the community custody term if the confinement and community custody terms combined exceed the statutory maximum. In other words, "As a result of RCW 9.94A.701(9) . . . [a defendant] is not required to serve the term of community custody that would otherwise be mandatory." *State v. Thibodeaux*, 6 Wn. App. 2d 223, 228, 430 P.3d 700 (2018).

---

[1] RCW 69.50.401 was amended in 2019, but that amendment is not material to this case. Therefore, we cite to the current version of the statute.

[2] There is no community custody requirement for first degree possession of a firearm. RCW 9.94A.701.

[3] RCW 9.94A.505 was amended in 2019, but that amendment is not material to this case. Therefore, we cite to the current version of the statute.

In addition, an indeterminate or variable term of community custody is invalid. *See State v. Bruch*, 182 Wn.2d 854, 857, 346 P.3d 724 (2015) (affirming the trial court's sentence because the term of community custody was not indeterminate); *State v. Winborne*, 167 Wn. App. 320, 329, 273 P.3d 454 (2012) (stating that a variable community custody term is contrary to the 2009 amendments to the community custody statutes).

Under RCW 9.94A.729(1)(a), the Department of Corrections (DOC) may reduce an offender's sentence to a correctional facility by "earned release time" based on good behavior and good performance. RCW 9.94A.729(5)(a) states, "A person who is eligible for earned early release as provided in this section and who will be supervised by the [DOC] pursuant to RCW 9.94A.501 . . . shall be transferred to community custody in lieu of earned release time."

An erroneous sentence may be challenged for the first time on appeal. *State v. Bahl*, 164 Wn.2d 739, 744, 193 P.3d 678 (2008). We review de novo whether a sentencing court has exceeded its statutory authority. *State v. Button*, 184 Wn. App. 442, 446, 339 P.3d 182 (2014).

2.  Analysis

Here, the trial court sentenced LaBounty to the statutory maximum term of confinement – 120 months. Therefore, under RCW 9.94A.701(9) the court was required to reduce the one-year term of community custody mandated by RCW 9.94A.701(3)(c) to zero. But the trial court imposed community custody for "any earned release time." CP at 83. LaBounty claims that this community custody provision is impermissible because it did not specify a fixed term of community custody.

a.  *Winkle*

Division One of this court rejected a similar argument in *State v. Winkle*, 159 Wn. App. 323, 329-31, 245 P.3d 249 (2011). In *Winkle*, the trial court sentenced the defendant, a sex

offender, to the statutory maximum of 60 months confinement and imposed a term of community custody "for the entire period of earned early release awarded." *Id.* at 327. The defendant argued on appeal that when the trial court sentences an offender to the statutory maximum, the court does not have authority to impose community custody in lieu of earned early release. *Id.*

The court noted the State's explanation that because the community custody term was limited to earned early release, the sentence necessarily could not exceed the statutory maximum. *Id.* The court also emphasized that "the plain language of [RCW 9.94A.729(5)(a)] clearly mandates transferring a convicted sex offender to community custody rather than allowing early release." *Id.* at 330. The court affirmed the trial court's sentence "[b]ecause the [Sentencing Reform Act] requires that a defendant convicted of a sex offense must be transferred to community custody in lieu of earned early release, and the sentence the court imposed cannot exceed the statutory maximum." *Id.* at 325.

The Supreme Court referenced *Winkle* in a footnote in *State v. Franklin*, 172 Wn.2d 831, 263 P.3d 585 (2011). In that case, the defendant argued that RCW 9.94A.701 required a trial court to set fixed terms of community custody and that RCW 9.94A.729(5) did not authorize a trial court to impose community custody in lieu of earned early release. *Id.* at 837 n.8. The defendant asked the court to overturn the holding in *Winkle* that RCW 9.94A.729(5) allowed a trial court to impose community custody in lieu of earned early release. *Id.* The court stated without further explanation that "[t]he plain meaning of the relevant statutes support Franklin's contention that RCW 9.94A.701 and RCW 9.94A.702 [addressing community custody for sentences less than one year] – not RCW 9.94A.729 – govern the trial court's imposition of community custody." *Id.* Nevertheless, the court declined to address the validity of *Winkle*. *Id.*

b. *Bruch*

In *Bruch*, 182 Wn.2d 854, the Supreme Court addressed a slightly different scenario than in *Winkle*. In that case, the trial court imposed a term of confinement of 116 months for a sex offender, four months less than the statutory maximum, and a community custody term of "at least 4 months, plus all accrued earned early release time at the time of release." *Id.* at 859. The defendant argued that his sentence was indeterminate because of the earned early release provision. *Id.* at 862. He also claimed that the trial court and not DOC must determine the end date of community custody. *Id.*

Initially, the court noted that the trial court's reference to earned early release was consistent with RCW 9.9A.729(5):

> The trial court's notation . . . references the DOC's distinct authority to grant Bruch early release time, which by statute is transferred to community custody under RCW 9.94A.729(5). Any community custody in lieu of early release Bruch earns is a *reduction* from his confinement time, meaning his term may never exceed the statutory maximum.

*Id.* at 864. The court further stated that "[w]e do not find that a trial court is prohibited from referencing in the judgment and sentence the procedures under RCW 9.94A.729(5)." *Id.* at 865.

The court concluded that the trial court's sentence "is not indeterminate merely because [the defendant] may earn early release in lieu of community custody." *Id.* at 866. The court stated, "There is no indication that the amendments to RCW 9.94A.701 rendered the DOC's authority under RCW 9.94A.729(5) inconsistent with the SRA or that community custody in lieu of early release renders an offender's sentence indeterminate." *Id.* at 865.

The court also addressed the footnote in *Franklin* regarding *Winkle*. *Bruch*, 182 Wn.2d at 864-65. The court stated, "Unlike in *Winkle*, here the trial court *imposed a fixed term of*

*community custody* under RCW 9.94A.701(1) and referenced the community custody in lieu of earned early release that the DOC may supervise." *Id.* at 865 (emphasis added).

In a footnote, the court elaborated:

In *Winkle*, the Court of Appeals permitted the DOC to transfer an offender's earned early release to community custody in the absence of the defendant receiving a court-imposed, fixed term of community custody. The statutory framework of RCW 9.94A.729 suggests that there are two prerequisites to the DOC's ability to "transfer[] to community custody in lieu of earned release time," RCW 9.94A.729(5)(a): (1) being convicted of a particular crime, i.e., certain serious violent crimes or certain sex offenses, RCW 9.94A.501(4)(a), and (2) being sentenced to a fixed term of community custody by a trial court. This issue arises, as it did in *Winkle*, when a trial court imposes the statutory maximum term of confinement, preventing it from imposing a fixed-term of community custody under RCW 9.94A.701(1). Though it is hard to imagine the legislature intended no community custody in such an instance, the statutory language needs to be addressed in an appropriate case.

*Id.* at 865-66 n.4.

The court also rejected the defendant's argument that the trial court's community custody provision failed to ensure that his community custody term would not exceed the 36 months of community custody allowed for his offense under RCW 9.94A.701. *Id.* at 866-70. The court suggested that the provision was proper as long as the trial court's fixed term of community custody did not exceed 36 months. *Id.* at 869. The fact that DOC may transfer earned early release time to community custody does not affect the validity of the trial court's sentence. *Id.* at 867-70.

c. Holding

The foundation of *Bruch* is RCW 9.94A.729(5)(a). The court indicated that earned release time can be converted to community custody only if RCW 9.94A.729(5)(a) applies. *Bruch*, 182 Wn.2d at 864-65. However, that statute does not apply to all offenders. RCW 9.94A.729(5)(a) applies only if the offender "will be supervised by the [DOC] pursuant to RCW

9.94A.501." RCW 9.94A.501(3)[4] states the general rule that DOC will supervise felony offenders sentenced to community custody "whose risk assessment classifies the offender as one who is at a high risk to reoffend."[5]

Here, it is unknown whether RCW 9.94A.729(5)(a) applies to LaBounty's sentence. That statute applies only if the offender will be supervised by DOC pursuant to RCW 9.94A.501. Nothing in the record indicates whether the "risk assessment" classifies LaBounty as an offender "who is at a high risk to reoffend." RCW 9.94A.501(3).

In addition, even if LaBounty would qualify for DOC supervision under RCW 9.94A.501(3) as an offender at high risk to reoffend, that is only the first requirement for application of RCW 9.94A.729(5)(a). RCW 9.94A.501(3) provides for DOC supervision if an offender actually is sentenced to community custody. The court in *Bruch* stated that the second requirement of RCW 9.94A.729(5)(a) is "being sentenced to a fixed term of community custody by a trial court." 182 Wn.2d at 865 n.4.

Finally, we note that if RCW 9.94A.729(5)(a) does apply, conversion of earned release time to community custody is automatic. RCW 9.94A.729(5)(a); *Bruch*, 182 Wn.2d at 867-68. Because RCW 9.94A.729(5)(a) mandates that earned early release time be converted to community custody, including earned early release time in the community custody provision simply acknowledges DOC's authority to transfer early release time to community custody. *Bruch*, 182 Wn.2d at 864, 867. In fact, the court in *Bruch* stated that the trial court's addition of

---

[4] RCW 9.94A.501 has been amended since the events of this case transpired. Because these amendments do not impact the statutory language relied on by this court, we refer to the current statute.

[5] RCW 9.94A.501(4) also provides for DOC supervision for specific types of offenders sentenced to community custody, including sex offenders and serious violent offenders. *Winkle* and *Bruch* both involved sex offenders.

earned early release time to the defendant's community custody was not really necessary because of the mandatory nature of RCW 9.94A.729(5)(a). *Id.* at 867 n.5. Therefore, a trial court's imposition of community custody consisting of earned release time is somewhat superfluous.

In conclusion, on remand the trial court can include a provision that community custody will consist of earned release time only if (1) LaBounty is subject to DOC supervision under RCW 9.94A.501, and (2) the court sentences him to a fixed term of community custody.

## CONCLUSION

We remand for recalculation of LaBounty's offender score without the now reversed unlawful possession of a controlled substance conviction and for resentencing.

MAXA, J.

We concur:

SUTTON, J.

GLASGOW, A.C.J.