# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54442-3-II |
| Respondent, | |
| v. | |
| THAD RANDALL EDISON, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, A.C.J.—Thad Randall Edison appeals his conviction for a single count of unlawful possession of a controlled substance—hydrocodone. He asks this court to reverse his conviction in light of the Washington Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), and to remand for the trial court to vacate the conviction. The State concedes that this is the appropriate remedy.

In 2020, a jury found Edison guilty of violating Washington's strict liability drug possession statute, former RCW 69.50.4013(1), (2) (2017). In 2021, the Supreme Court held that former RCW 69.50.4013(1) violated the due process clauses of the state and federal constitutions and was therefore void. *Blake*, 197 Wn.2d at 195. When the Supreme Court holds a statute unconstitutional and void, anyone who has been convicted under that statute is entitled to have their conviction vacated. *State v. LaBounty*, 17 Wn. App. 2d 576, 581, 487 P.3d 221 (2021); *see also State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005). We therefore reverse Edison's conviction for unlawful possession of a controlled substance and remand for the trial

No. 54442-3-II

court to vacate the conviction. As a result, we need not reach Edison's challenge to the jury instructions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, A.C.J.

We concur:

Worswick, J.

Veljacic, J.