# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54049-5-II |
| Respondent, | |
| v. | |
| HOMER CONNELL TAYLOR, III, | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, J. – Homer Connell Taylor, III, appeals from his sentence following his bench trial conviction for failure to register as a sex offender.[1] Taylor argues that he is entitled to resentencing because his offender score contains two convictions for unlawful possession of a controlled substance that are invalid under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The State concedes that Taylor's two prior convictions for unlawful possession of a controlled substance are invalid and should be struck from his offender score. But the State contends that resentencing is not required because the corrected offender score remains above nine points and the standard sentencing range does not change. Because Taylor was sentenced at the top of the standard range and we cannot presume that the trial court would not have imposed a lower sentence

---

[1] Taylor's appointed appellate counsel originally moved for permission to withdraw under RAP 15.2(i) and *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). We denied the motion to withdraw and directed the parties to brief the appeal, including whether Taylor's offender score contained invalid convictions under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

within the standard range if the offender score was lower, we disagree with the State. Accordingly, we remand this matter back to the trial court to strike the two unlawful possession of a controlled substance prior convictions from Taylor's offender score and for resentencing.

FACTS

Following a bench trial, the trial court found Taylor guilty of failure to register as a sex offender. Taylor's criminal history shows that he had an offender score of 15 points, and the trial court sentenced him with an offender score of "9+." Clerk's Papers at 31. This offender score included two prior convictions for unlawful possession of a controlled substance.

The standard sentencing range for this offense based on offender score of 9+ was 43 to 57 months. The trial court sentenced Taylor to 57 months, the high end of the standard sentencing range. Taylor appeals his sentence.

ANALYSIS

Taylor argues that the two convictions for unlawful possession of a controlled substance in his offender score are invalid under *Blake*. The State concedes that Taylor's two prior convictions for unlawful possession of a controlled substance are invalid and should be struck from Taylor's offender score.

"In *Blake*, [our] Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violate[d] state and federal due process clauses and therefore [was] void." *State v. LaBounty*, 17 Wn. App. 2d 576, 581, 487 P.3d 221 (2021). "[A] prior conviction [that] has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered" in a defendant's offender score. *State v. Ammons*, 105 Wn.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986). Accordingly, we accept

the State's concession that the prior unlawful possession of a controlled substance convictions are invalid and should be struck from Taylor's offender score.

The State contends that because even without those convictions Taylor's offender score remains above nine points resentencing is not required. We disagree.

Removing these two convictions will only lower Taylor's offender score to 13 points and the standard range will not change. But the trial court sentenced Taylor at the top of the sentencing range, and we cannot presume that the trial court may not choose to impose a lower sentence within the standard range given the lower offender score. Thus, Taylor is entitled to resentencing.

Accordingly, we remand this matter to the trial court to strike the two unlawful possession of a controlled substance convictions from Taylor's offender score and for resentencing under the corrected offender score. [2]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

---

[2] The State filed a motion for accelerated review pursuant to RAP 18.12. We grant the State's motion and direct the Clerk of this court to accelerate the issuance of the mandate in this matter.

No. 54049-5-II

CRUSER, J.

We concur:

WORSWICK, P.J.

MAXA, J.