# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55935-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| RANDY COY HENDERSON, | |
| Appellant. | |

MAXA, J. – Randy Henderson appeals the trial court's order dismissing his conviction for unlawful possession of a controlled substance without prejudice, based on *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Henderson argues and the State concedes that the dismissal should have been with prejudice. We accept the State's concession, and remand for the trial court to vacate Henderson's conviction and to dismiss the case with prejudice.

## FACTS

In 1994, Henderson was convicted of possession of methamphetamine. In May 2021, after the *Blake* decision was issued, Henderson filed a motion to vacate his conviction under CrR 7.8(b). The State also filed a motion to vacate, and asked the court to dismiss the conviction without prejudice. The trial court granted the State's motion to vacate Henderson's conviction and dismissed the case without prejudice.

Henderson appeals the trial court's order.

ANALYSIS

In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. 197 Wn.2d at 195. As a result of the Supreme Court's holding in Blake, any conviction based on RCW 69.50.4013(1) is invalid and anyone who has been convicted under that statute is entitled to have their conviction vacated. *State v. LaBounty*, 17 Wn. App. 2d 576, 581, 487 P.3d 221 (2021).

Because Henderson's conviction is invalid, it must be vacated and the case dismissed *with* prejudice. Therefore, the trial court erred in dismissing the case without prejudice.

CONCLUSION

We remand for the trial court to vacate Henderson's 1994 conviction for unlawful possession of a controlled substance and dismiss the case with prejudice.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

LEE, C.J.

2