# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55176-4-II |
| Respondent, | |
| v. | |
| KENNETH LEE KYLLO, | UNPUBLISHED OPINION |
| Appellant. | |

VELJACIC, J. – Kenneth L. Kyllo appeals the trial court's order denying his motion for a new trial on two counts of possession of a controlled substance with intent to deliver. On appeal, Kyllo has abandoned his challenge to his convictions and instead argues that his offender score was wrongly calculated because it included a prior possession of a controlled substance conviction, which is now void under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). Kyllo also argues that certain legal financial obligations (LFOs) should be stricken. We hold that Kyllo is entitled to resentencing following the Supreme Court's decision in *Blake*; and that Kyllo may raise his LFO arguments to the trial court on remand. Accordingly, we reverse Kyllo's sentence and remand to the trial court for resentencing.

FACTS

In 2018, a jury found Kyllo guilty of two counts of possession of a controlled substance with intent to deliver. His standard range sentence was 60-120 months based on an offender score of 12. The trial court sentenced Kyllo to 108 months' incarceration and imposed 12 months of community custody. Kyllo's criminal history contained a prior conviction for possession of a controlled substance.

The trial court imposed a $100 deoxyribonucleic acid (DNA) collection fee and a $200 filing fee. The judgment and sentence contains boilerplate language that while on community custody, the defendant shall "pay supervision fees as determined by [Department of Corrections]." Clerk's Papers (CP) at 34. The judgment and sentence also contains boilerplate language that the LFOs "shall bear interest from the date of the judgment until paid in full." CP at 36.

In February 2020, we affirmed Kyllo's convictions. *State v. Kyllo*, 51732-9-II, slip op. at 19 (Wash. Ct. App. Feb. 11, 2020) (unpublished), https://www.courts.wa.gov/opinions/. In September 2020, Kyllo, pro se, filed a motion for a new trial, realleging several of the issues he raised in his appeal. The trial court denied the motion. Kyllo appeals.

ANALYSIS

I.    OFFENDER SCORE

Kyllo argues that because his offender score included an offense that is no longer valid, he should be resentenced on his two possession with intent to deliver convictions. The State concedes that Kyllo should be resentenced. We accept the State's concession and agree that Kyllo should be resentenced.

In *Blake*, our Supreme Court held that former RCW 69.50.4013(1) (2017), the statute criminalizing simple possession of a controlled substance, is unconstitutional and, therefore, void. 197 Wn.2d at 186, 195. Defendants who were sentenced based on an offender score that included prior convictions under RCW 69.50.4013(1) are entitled to resentencing. *State v. LaBounty*, 17 Wn. App. 2d 576, 581-82, 487 P.3d 221 (2021).

Kyllo's criminal history included a conviction for unlawful possession of a controlled substance in violation of former RCW 69.50.4013(1). This conviction was included in Kyllo's offender score. While we recognize that removing this conviction from Kyllo's offender score will still result in an offender score higher than nine, we cannot presume that the trial court may not choose to impose a lower sentence within the standard range given the lower offender score. Thus, Kyllo is entitled to resentencing.[1]

In light of *Blake*, we accept the State's concession, reverse Kyllo's sentence, and remand for the trial court to resentence Kyllo with a corrected offender score.

II.     LFOs

Kyllo next argues that the $100 DNA collection fee, $200 filing fee, supervision fee, and interest provision should be stricken from his 2018 judgment and sentence because he is indigent. The State argues that this issue is waived because it is raised for the first time on appeal. Because we reverse Kyllo's sentence and remand for resentencing, the trial court should reconsider the imposition of LFOs on remand.

---

[1] Kyllo suggests that since the possession of a controlled substance conviction is void under *Blake*, his felony offender score may change due to washout rules. We do not decide this issue, but note that the sentencing court, in the process of resentencing Kyllo, is free to recalculate his offender score as appropriate.

We reverse Kyllo's sentence and remand to the trial court for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Glasgow, A.C.J.

Price, J.