# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 55207-8-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JEFFREY JON LUCEY, | |
| Appellant. | |

MAXA, J. – Jeffrey Lucey appeals his sentence following his guilty plea to two convictions. His offender scores included a conviction for unlawful possession of a controlled substance (UPCS). Lucey argues that under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), he is entitled to have the UPCS conviction removed from his offender score.[1]

We hold that Lucey is entitled to have his offender score reduced by one point under *Blake*, but that he is not entitled to resentencing because reducing the offender score by one point would not affect the standard range sentences or his actual sentence. Accordingly, we remand for correction of Lucey's judgment and sentence, but not for resentencing.

## FACTS

In 2020, Lucey agreed to plead guilty to residential burglary-domestic violence and felony violation of a domestic violence court order. He stipulated that his offender score was a

---

[1] Lucey also suggests that we should vacate the 2004 UPCS conviction. But we are without authority to vacate a conviction in another action.

12 for the residential burglary conviction and a 9 for the violation of a domestic violence court order conviction. This resulted in a standard sentence range of 63 to 84 months for the burglary conviction and 60 to 60 months for the violation of a court order conviction. Lucey's criminal history included a prior 2004 UPCS conviction, which added one point to each offender score.

At sentencing, the trial court sentenced Lucey to the bottom of the standard ranges: 63 months for residential burglary and 60 months for violation of a court order, to be served concurrently. The Supreme Court decided *Blake* after the trial court sentenced Lucey. Lucey now appeals his sentence.

## ANALYSIS

Lucey argues that he is entitled to be resentenced because his offender scores used at sentencing included a UPCS conviction. The State concedes that one point should be deducted from Lucey's offender score, but argues that resentencing is unnecessary because the standard sentence range sentences for Lucey's convictions would be the same with the new offender score and he already was sentenced to the bottom of the ranges. We agree with the State.

In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1) (2017), violated state and federal due process clauses and therefore was void. 197 Wn.2d at 195. "[A] conviction based on an unconstitutional statute cannot be considered in calculating the offender score." *State v. LaBounty*, 17 Wn. App. 2d 576, 581-82, 487 P.3d 221 (2021).

Lucey's offender score was 12 for residential burglary, resulting in a standard sentence range of 63 to 84 months. Lucey's offender score was 9 for the violation of a court order conviction, resulting in a standard sentence range of 60 to 60 months. A reduction of one point on the respective offender scores would not affect the standard sentence ranges for these crimes.

*See* RCW 9.94A.510. In addition, the trial court sentenced Lucey to the bottom of both standard ranges, so the lesser offender scores could not have affected the trial court's sentence.

Resentencing is not required where the trial court miscalculates an offender score if "the record makes clear that the trial court would impose the same sentence." *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). Resentencing is not necessary here because Lucey cannot receive a total sentence of less than 63 months even after his offender scores are reduced.

CONCLUSION

We remand for the trial court to correct the offender scores on the judgment and sentence, but not for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.


We concur:

_____
GLASGOW, C.J.

_____
PRICE, J.