# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>JOHN ARTHUR RICHARDSON, III,<br><br>Petitioner. | No. 56216-2-II<br><br>UNPUBLISHED OPINION |

MAXA, J. – John Richardson, III, seeks relief from personal restraint imposed following his 2012 convictions for first degree premeditated murder (count I) and second degree unlawful possession of a firearm (count II). In this, his third personal restraint petition (PRP), Richardson argues that (1) he is entitled to be resentenced because his offender score contained an attempted possession of a controlled substance conviction invalidated by *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), (2) the trial court erred in not considering an exceptional sentence below the standard range based on his youthfulness, (3) his indefinite term of community custody is invalid, (4) the State did not present sufficient evidence as to count II, and (5) his conviction for count II is collaterally estopped by his conviction for count I.

We grant Richardson's PRP in part regarding the first claim and remand to the trial court for resentencing, but we dismiss the remainder of his PRP as time barred.

FACTS

In 2008, the State charged Richardson with counts I and II for acts he committed when he was 23 years old. Count I was tried to a jury and count II was tried to the court in a bifurcated trial. Richardson was found guilty on both counts.

Richardson was sentenced using an offender score of 10, including a prior conviction for attempted possession of a controlled substance. The trial court imposed a high-end standard range sentence of 548 months, plus a consecutive 60-month firearm sentencing enhancement.

ANALYSIS

A.     LEGAL PRINCIPLES

RCW 10.73.090(1) provides that a petitioner generally must file a PRP within one year after a trial court judgment becomes final. However, for the time bar to apply, the judgment and sentence must be valid on its face. RCW 10.73.090(1).

In addition, RCW 10.73.100 lists six exceptions to the one-year time limit. Under RCW 10.73.100(6), the time bar does not apply if the PRP is "[1] based on a significant change in the law, [2] which is material to the conviction or sentence, and [3] sufficient reasons exist to require retroactive application of the changed legal standard." *In re Pers. Restraint of Ali*, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), *cert. denied*, 141 S. Ct. 1754 (2021).

B.     OFFENDER SCORE

Richardson argues that he is entitled to be resentenced because his offender score used at sentencing included a conviction for attempted possession of a controlled substance. We agree.

Initially, even though Richardson's PRP was filed more than a year after his judgment and sentence became final, the PRP was not time-barred. In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violated state and

federal due process clauses and therefore was void. 197 Wn.2d at 195. Under *Blake*, Richardson's judgment and sentence is invalid on its face because "a conviction based on an unconstitutional statute cannot be considered in calculating the offender score." *State v. LaBounty*, 17 Wn. App. 2d 576, 581-82, 487 P.3d 221 (2021).[1]

The State concedes that the prior conviction for attempted possession of controlled substances must be removed from Richardson's offender score under *Blake*. But the State argues that Richardson is not entitled to be resentenced because the removal of that conviction would only reduce his offender score from 10 to 9, leaving him with the same standard sentence range.

However, while the reduction in the offender score will not change Richardson's standard sentence range, it may influence the trial court's decision to impose a sentence at the high end of that range. Therefore, we grant Richardson's petition in part and remand to the trial court for resentencing with a corrected offender score.

C.    UNTIMELY OTHER CLAIMS

Regarding Richardson's remaining claims, his judgment and sentence became final on December 1, 2011 when this court issued the mandate of his direct appeal. RCW 10.73.090(3)(b). He did not file his PRP until September 13, 2021, more than one year later. Unless he shows that one of the exceptions contained in RCW 10.73.100 applies or that his judgment and sentence is facially invalid, the remainder of his petition is time-barred. *In re Pers. Restraint of Hemenway,* 147 Wn.2d 529, 532-33, 55 P.3d 615 (2002).

---

[1] Because this claim involves facial invalidity of the judgment and sentence, this PRP is not a mixed petition even though the remaining claims are untimely. *See In re Pers. Restraint of Stenson*, 150 Wn.2d 207, 220, 76 P.3d 241 (2003).

Richardson argues that his petition falls within the exception contained in RCW 10.73.100(6). He claims that *State v. Houston-Sconiers* 188 Wn.2d 1, 20-21, 391 P.3d 409 (2017), which requires that the trial court consider exceptional sentences below the standard range or consider non-consecutive firearm sentencing enhancements when sentencing a juvenile defendant, is a significant change in the law that should be applied to him retroactively. *Ali*, 196 Wn.2d at 233.

*Houston-Sconiers* is a significant change in the law. *Id*. But because Richardson was not a juvenile when he committed his crimes, that case is not material to Richardson's sentence and does not exempt his PRP from the time bar under RCW 10.73.100(6). *In re Pers. Restraint of Young,* ___ Wn. App. 2d ___, 508 P.3d 687, 690 (2022). And Richardson fails to show that the remainder of his petition falls within any of the other RCW 10.73.100 exceptions to the time bar and fails to identify any invalidity on the face of his judgment and sentence. Therefore, the remainder of his petition must be dismissed as untimely.[2]

## CONCLUSION

We grant Richardson's PRP in part and remand to the trial court for resentencing with a corrected offender score, but we dismiss the remainder of his PRP as time-barred.

---

[2] Although Richardson's PRP is successive, we dismiss the remaining claims rather than transferring them to the Supreme Court because those claims are untimely. *In re Pers. Restraint of Turay*, 150 Wn.2d 71, 86-87, 74 P.3d 1194 (2003).

No. 56216-2-II

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

MAXA, J.

We concur:

CRUSER, A.C.J.

VELJACIC, J.