IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>CHRISTINA CAPRI CRATTY,<br><br>Petitioner. | No. 83670-6-I<br>(consolidated with Nos. 83671-4-I, 83672-2-I, 83673-1-I, 83674-9-I, 83675-7-I, and 83676-5-I)<br><br>UNPUBLISHED OPINION |

PER CURIAM — Christina Cratty seeks relief from the personal restraint imposed following her 2017 convictions for multiple counts of second degree identity theft, possession of a stolen motor vehicle, second degree possession of stolen property, and forgery. Cratty contends that she is entitled to be resentenced because her offender scores used at sentencing included three convictions for unlawful possession of a controlled substance invalidated by State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). We agree, grant Cratty's petitions, and remand to the superior court for resentencing.

FACTS

In February 2022, Cratty filed in the Snohomish County Superior Court a series of motions to correct her offender scores used in the 2017 convictions and sought resentencing pursuant to Blake. In Blake, the Supreme Court held that former RCW 69.50.4013(1), the statute criminalizing simple drug possession, was unconstitutional. The superior court transferred the motions to this court for consideration as personal restraint

Citations and pincites are based on the Westlaw online version of the cited material

petitions pursuant to CrR 7.8(c)(2). This court then consolidated the matters and asked the State to provide a further response to the consolidated petitions.

## DISCUSSION

A personal restraint petition that challenges a judgment and sentence must be filed within one year after the judgment and sentence becomes final. RCW 10.73.090. A petitioner bears the burden of showing that his or her petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 833, 226 P.3d 208 (2010). Cratty filed these petitions nearly 5 years after her judgments and sentences became final, so they are untimely under RCW 10.73.090(1) unless she can show that (1) her judgments and sentences are facially invalid or were not entered by a court of competent jurisdiction, or (2) an exception under RCW 10.73.100 applies.

Under RCW 10.73.100(6), the time bar does not apply if the petition is "[1] based on a significant change in the law, [2] which is material to the conviction or sentence, and [3] sufficient reasons exist to require retroactive application of the changed legal standard." In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507 (2020).

Cratty's petitions are not time barred. This is because a prior conviction based on a constitutionally invalid statute may not be considered when a sentencing court calculates an offender score. State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719 (1986). "A sentencing court acts without statutory authority . . . when it imposes a sentence based on a miscalculated offender score." In re Pers. Restraint of Johnson, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997). Under Blake, Cratty's judgments and sentences are invalid on their face because "a conviction based on an unconstitutional statute cannot be considered in calculating the offender score." State v. LaBounty, 17 Wn. App. 2d 576, 581-82, 487 P.3d

2

221 (2021). The adequate remedy for this type of defect is resentencing in accordance with the correct offender score. State v. Markovich, 19 Wn. App. 2d 157, 173, 492 P.3d 206 (2021).

The State concedes Cratty's offender scores were miscalculated under Blake. And though the State argues that Cratty is not entitled to be resentenced, because the removal of the prior controlled substance convictions would not reduce her offender score below 9 and would leave her with the same standard sentence ranges, the removal of those convictions from her criminal history may influence the superior court's decision to impose sentences at the high end of those ranges.

Accordingly, we grant Cratty's petitions and remand for resentencing pursuant to Blake. Resentencing shall be de novo, with the parties free to advance any and all factual and legal arguments regarding her sentences.

FOR THE COURT

Díaz, J.

Chung, J.

Dwyer, J.