# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| IN THE MATTER OF THE PERSONAL RESTRAINT OF:<br><br>ERIC FRANKLIN COSTON,<br><br>     Petitioner, | DIVISION ONE<br><br>No. 84159-9-I<br><br>ORDER GRANTING RECONSIDERATION, WITHDRAWING OPINION, AND SETTING CASE BEFORE A PANEL |

The respondent, State of Washington, having moved for reconsideration, and the petitioner having been allowed to respond, the court enters the following ORDERS:

1.  The motion to reconsider is granted;

2.  The opinion filed on October 31, 2022 is withdrawn;

3.  The matter is set for decision, without oral argument, before a panel on January 20, 2023.

It is so ORDERED.

      For the Court:

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of | No. 84159-9-I |
| ERIC FRANKLIN COSTON, | UNPUBLISHED OPINION |
| Petitioner. | |

PER CURIAM — Eric Coston seeks relief from personal restraint imposed following his January 2020 conviction for unlawful possession of a firearm in the first degree and possession of a controlled substance, both crimes committed while on community custody. Coston contends that he is entitled to be resentenced because his offender score of 19 on the unlawful possession of a firearm conviction included one point for his conviction for possession of a controlled substance, which was invalidated by State v. Blake, 197 Wn.2d 170, 195, 481 P.3d 521 (2021). We agree and remand to the superior court for resentencing.

## FACTS

In May 2022, Coston filed in Snohomish County Superior Court a motion to correct his offender score and for resentencing pursuant to Blake. In Blake, the Supreme Court held that former RCW 69.50.4013(1) (2017), the statute criminalizing simple drug possession, was unconstitutional. 197 Wn.2d at 195. The superior court transferred the motion to this court for consideration as a personal restraint petition pursuant to CrR 7.8(c)(2).

Citations and pin cites are based on the Westlaw online version of the cited material.

DISCUSSION

A personal restraint petition that challenges a judgment and sentence must be filed within one year after the judgment and sentence becomes final. See RCW 10.73.090. A petitioner bears the burden of showing that his or her petition is timely. In re Pers. Restraint of Quinn, 154 Wn. App. 816, 832-33, 226 P.3d 208 (2010). Coston filed this petition more than one year after his judgment and sentence became final, so it is untimely under RCW 10.73.090(1) unless he can show that (1) the judgment and sentence is facially invalid or not entered by a court of competent jurisdiction, or (2) an exception under RCW 10.73.100 applies. Quinn, 154 Wn. App. at 832.

Under RCW 10.73.100(6), the time bar does not apply if the petition is "based on [(1)] a significant change in the law, [(2)] which is material to the conviction or sentence, and [(3)] sufficient reasons exist to require retroactive application of the changed legal standard." In re Pers. Restraint of Ali, 196 Wn.2d 220, 233, 474 P.3d 507 (2020), cert. denied, 141 S. Ct. 1754, 209 L. Ed. 2d 514 (2021).

Coston's petition is not time barred. This is so because a prior conviction based on a constitutionally invalid statute may not be considered when a sentencing court calculates an offender score. State v. Ammons, 105 Wn.2d 175, 187-88, 713 P.2d 719 (1986). "A sentencing court acts without statutory authority . . . when it imposes a sentence based on a miscalculated offender score." In re Pers. Restraint of Johnson, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997). Under Blake, Coston's judgment and sentence is invalid on its face because "a conviction based on an unconstitutional statute cannot be considered in calculating the offender score."

State v. LaBounty, 17 Wn. App. 2d 576, 581-82, 487 P.3d 221 (2021). The adequate remedy for this type of defect is resentencing in accordance with the correct offender score. State v. Markovich, 19 Wn. App. 2d 157, 173, 492 P.3d 206 (2021), review denied, 198 Wn.2d 1036, 501 P.3d141 (2022).

The State concedes Coston's offender score was miscalculated under Blake. And though the State argues that Coston is not entitled to be resentenced because the removal of the prior controlled substance conviction would not reduce his offender score below 9 and would leave him with the same standard sentence range, the removal of that conviction from his criminal history may influence the superior court's decision to impose a sentence at the high end of that range.

Accordingly, we grant Coston's petition and remand for resentencing pursuant to Blake. Resentencing shall be de novo, with the parties free to advance any and all factual and legal arguments regarding his sentence.

FOR THE COURT:

_Dwyer, J._

Díaz, J.

Chung, J.

3