# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of:<br><br>JOEL EVELINE,<br><br><br>Petitioner. | No. 57743-7-II<br><br>UNPUBLISHED OPINION |

MAXA, P.J. – In this personal restraint petition (PRP), Joel Eveline challenges the

sentence imposed for his 2014 conviction of attempted first degree assault.  Eveline argues, and

the State concedes, that his combined term of confinement and term of community custody

exceeds the statutory maximum for the offense.  We accept the State's concession and remand

for the trial court to strike the term of community custody or impose a new sentence that does not

exceed the statutory maximum.

## FACTS

In April 2014, Eveline pled guilty to attempted first degree assault and first degree

robbery.  The trial court sentenced Eveline on the attempted first degree assault conviction to 120

months of confinement and 36 months of community custody.

In September 2021, the trial court entered an order correcting the judgment and sentence

in light of *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).  The order correcting the

No. 57743-7-II

judgment and sentence did not change Eveline's sentence or community custody term. In December 2022, Eveline filed a CrR 7.8 motion in the trial court challenging his sentence for the attempted first degree assault conviction.[1] The trial court transferred the motion to this court as a PRP under CrR 7.8(c)(2).

ANALYSIS

A defendant's total sentence cannot exceed the statutory maximum for the offense, including sentence enhancements and community custody. RCW 9.94A.505(5)[2]; *State v. LaBounty,* 17 Wn. App. 2d 576, 582, 487 P.3d 221 (2021). Attempted first degree assault is a class B felony offense. RCW 9A.36.011(2); RCW 9A.28.020(3)(b). The statutory maximum sentence for a class B felony is 120 months. RCW 9A.20.021(1)(b).

Here, Eveline's combined sentence of 156 months clearly exceeds the 120-month statutory maximum. Therefore, the sentence must be modified.[3] The trial court can strike the term of community custody, RCW 9.94A.701(10), or impose a new sentence in which the term of confinement and the term of community custody does not exceed the statutory maximum.

_____

[1] Eveline does not challenge the sentence for his first degree robbery conviction.

[2] The legislature amended this statute in 2022, after Eveline was resentenced. LAWS OF 2022, ch. 260 §23. Because this amendment did not alter the relevant subsection, we cite to the current version of the statute.

[3] The trial court transferred the CrR 7.8 motion to this court based on its determination that the motion was time barred. But the time bar does not apply if the judgment and sentence is facially invalid. RCW 10.73.090(1). Because this error is evident on the face of the judgment and sentence without further elaboration, the judgment and sentence is facially invalid and the one-year time bar does not apply. *See State v. Fletcher*, 19 Wn. App. 2d 566, 572-573, 497 P.3d 886 (2021).

2

No. 57743-7-II

CONCLUSION

We grant Eveline's PRP, and remand for the trial court to strike the community custody term or impose a new sentence that does not exceed the statutory maximum.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, P.J.

We concur:

LEE, J.

VELJACIC, J.

3