IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint Petition of<br><br>JEFFRY DALE DAVIS,<br><br>Petitioner. | No. 84987-5-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, C.J. — In 2019, Jeffry Davis pleaded guilty to sexual exploitation of a minor, rape of a child in the third degree, and rape in the third degree. The trial court sentenced him to the statutory maximum of 120 months for the exploitation charge, 60 months for each rape count, and a mandatory 36 months of community custody, with the qualification that the community custody period would be reduced so as not to exceed the statutory maximum and would only apply to "good time release." Davis did not make a direct appeal. In 2022, more than a year after his judgment and sentence was finalized, Davis initiated this personal restraint petition (PRP). He asserts this PRP is timely because his sentence is facially invalid. Because the trial court did not exceed its authority in imposing community custody, Davis's sentence is not facially invalid. Therefore, Davis's PRP is time barred.

## FACTS

In January 2019, Jeffry Davis pleaded guilty to one count of sexual exploitation of a minor, one count of rape of a child in the third degree, and one

count of rape in the third degree. Davis admitted to sex with a minor on multiple occasions, videotaping sexual conduct with a minor, and forcing a minor to engage in sexual conduct without their consent. Given the seriousness of his offenses and his offender score of nine, Davis's sentencing range required the maximum sentence for each offense. The trial court sentenced Davis to 120 months on the sexual exploitation charge and 60 months for each count of rape.

The sexual offenses to which Davis pleaded guilty each carry a mandatory 36-month term of community custody. Noting this, the trial court imposed 36 months of community custody, but "reduced so that the total amount of incarceration and community custody does not exceed the maximum term of sentence." The court added a handwritten notation stating "community custody + custody cannot exceed 10 years, so community custody will only apply to any good time release." Davis did not make a direct appeal.

In September 2022, Davis submitted a CrR 7.8 motion in the trial court, seeking modification of the community custody portion of his sentence. The trial court found the motion untimely and transferred it to this court as a PRP.

ANALYSIS

Standard of Review

Collateral relief from a conviction through a PRP is an extraordinary remedy and petitioners must meet a high standard to obtain relief. *In re Pers. Restraint of Kennedy*, 200 Wn.2d 1, 12, 513 P.3d 769 (2022). "To gain relief through a PRP, a petitioner must make a heightened showing of 'actual and substantial prejudice' for a constitutional error or 'a complete miscarriage of

justice' for a nonconstitutional error." *Kennedy*, 200 Wn.2d at 12 (internal quotation marks omitted) (quoting *In re Pers. Restraint of Light-Roth*, 191 Wn.2d 328, 333, 422 P.3d 444 (2018)).

Generally, a petitioner must file a PRP within one year of the finalization of their judgment and sentence. RCW 10.73.090(1). However, a petitioner may file a PRP more than one year after the judgment becomes final if the judgment is facially invalid. RCW 10.73.090(1); *In re Pers. Restraint of Fletcher*, 3 Wn.3d 356, 368, 552 P.3d 302 (2024). A judgment is invalid only where a court has exceeded its authority in entering the judgment or sentence. *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 135, 267 P.3d 324 (2011). "[T]he general rule is that a judgment and sentence is not valid on its face if the trial judge actually exercised authority (statutory or otherwise) it did not have." *In re Pers. Restraint of Scott*, 173 Wn.2d 911, 917, 271 P.3d 218 (2012).

<u>Facial Invalidity</u>

Davis asserts that his sentence is facially invalid because the trial court did not have authority to impose community custody conditions that exceed his statutory maximum sentence. He also claims that the court improperly shifted its responsibility to the Department of Corrections (DOC) to convert Davis's earned release time to community custody. We disagree. The trial court acted within its authority because the term of community custody cannot exceed the statutory maximum because it is limited to the time remaining in the sentence after earned early release. Then, as RCW 9.94A.729 requires DOC to convert any early release time to community custody, the earned early release calculation is within

DOC's purview. By leaving this simple subtraction calculation to DOC, the trial court did not improperly delegate the imposition of community custody.

1. Community Custody

RCW 9.94A.701 provides that a community custody term "shall be reduced by the court whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum for the crime." The trial court, not DOC, is required to reduce the terms of community custody. *State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012). However, in certain circumstances, RCW 9.94A.729 requires DOC to convert a convicted person's earned release time into community custody. RCW 9.9A.729 applies to convicted people "supervised by [DOC] pursuant to RCW 9.94A.501." RCW 9.94A.501(4)(a) then provides that "[DOC] shall supervise an offender . . . [who] [h]as a current conviction for a sex offense . . . and was sentenced to a term of community custody pursuant to RCW 9.94A.701." The term of community custody must be a fixed term. *State v. LaBounty*, 17 Wn. App. 2d 576, 588, 487 P.3d 221 (2021).

The Washington Supreme Court addressed a similar sentence in *State v. Bruch*, 182 Wn.2d 854, 346 P.3d 742 (2015). The trial court sentenced Bruch, convicted on two counts of child molestation and two counts of rape of a child in the third degree, to 116 months of confinement and 4 months of community custody, plus any earned early release time. *Bruch*, 182 Wn.2d at 857. The court noted that "[a]ny community custody in lieu of early release Bruch earns is a *reduction* from his confinement time, meaning his term may never exceed the

4

statutory maximum." *Bruch*, 182 Wn.2d at 864. Further, the adjustment of earned early release to community custody does not render a sentence indeterminate. *Bruch*, 182 Wn.2d at 866.

Here, the trial court sentenced Davis to the statutory maximum of 120 months of confinement as mandated by his offender score. Because Davis's sexual offenses also carry a mandatory 36-month term of community custody, the court imposed 36 months, reduced to earned early release time. Davis argues that the trial court imposed a full 36-month community custody term on top of his 120-month sentence, far exceeding its authority. Davis also references the court's handwritten notation, suggesting that it fails to prevent the combined sentence from exceeding the statutory maximum following the legislature's invalidation of *State v. Brooks*, 166 Wn.2d 664, 211 P.3d 1023 (2009). We disagree.

*Brooks* established that a notation stating that the total terms of confinement and community custody were not to exceed the statutory maximum actually prevented the combined sentence form exceeding that maximum. 166 Wn.2d at 672-73. But the legislature invalidated *Brooks* in 2009, amending the Sentencing Reform Act of 1981[1] (SRA) to require the trial court to reduce community custody when the combined terms would exceed the statutory maximum. RCW 9.94A.701(10). Because the trial court here did not rely on a *Brooks* notation, the court did not exceed its authority under the SRA.

---

[1] Chapter 9.94A RCW.

Although the trial court did handwrite 36 months of community custody on the sentencing order, it did so with the qualification that it only applied to good time release. So, rather than imposing the mandatory term and stating that, in practice, it could not exceed the statutory maximum, the trial court specifically reduced community custody to earned release time. In doing so, the court ordered a term of community custody not to exceed the statutory maximum: "community custody will only apply to any good time release." As shown in *Bruch*, such a term of community custody does not exceed the statutory maximum. Though there may be a clearer way to note this limitation, it simply requires that, if Davis is released from confinement early, he will be transferred to community custody for the remaining amount of time available in his 120-month sentence. If Davis does not earn any early release time, he will not be subject to any supervision under community custody and his sentence will not exceed 120 months. In neither circumstance is Davis subject to confinement or supervision beyond the statutory maximum term.

2. Delegation of Authority

Davis next asserts that the court improperly shifted the responsibility of imposing community custody to the DOC. We again disagree.

To reiterate, although it is the court's responsibility to reduce a term of community custody to avoid a sentence in excess of the statutory maximum, under RCW 9.94A.729, the DOC may be responsible for converting earned early release time into community custody. RCW 9.94A.729, RCW 9.94A.501.

6

Davis claims that RCW 9.94A.729 does not apply in this circumstance because the court did not impose a fixed term of community custody. But the court did impose a fixed term: any early release time up to 120 months. Although not a predetermined number, this constitutes a fixed term because it can neither exceed the statutory maximum nor be less than the granted early release time. For example, if DOC were to grant Davis 12 months of early release time, it could not decide only to impose 6 months of community custody. And as *Bruch* details, "the statutory scheme contemplates that an offender might serve more time in community custody . . . if he earns early release pursuant to RCW 9.94A.729;" this does not render the imposed term indeterminate. 182 Wn.2d at 857.

Working backwards through the ladder of statutes, because the trial court sentenced Davis to a fixed term of community custody based on a sex offense, RCW 9.94A.501 applies. Because Davis is a convicted person sentenced under RCW 9.94A.501, RCW 9.94A.729 applies. RCW 9.94A.729(10) then requires DOC to convert Davis's earned release time into community custody. Therefore, the trial court did not improperly shift the burden of imposing community custody to DOC.

Additionally, calculating earned release time is within DOC's purview.[2] As a result, the only additional calculation DOC might have to do is simple math – to subtract the early release date from the 120-month statutory maximum. The trial court imposed the reduction of community custody to avoid a sentence in excess

---

[2] *In re Pers. Restraint of Fogle*, 128 Wn.2d 56, 59, 904 P.2d 722 (1995).

of the statutory maximum. DOC, as required by statute, simply imposes the community custody sentence ordered by the court.

Because the court acted within its authority to reduce the term of community custody and did not improperly shift responsibility to DOC, Davis fails to show that the judgment and sentence is invalid on its face. His petition is time barred and, therefore, it is denied.

_Smith, C.J._

WE CONCUR:

_Chung, J._          _Birmann, J._

8